IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MAURICE BURROWS,
     Plaintiff,

vs.                                 Case No.: 3:08cv395/RV/EMT

RON McNESBY, SHERIFF, et al.,
     Defendants.
_____/

## ORDER

     This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

     Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named Defendants.  The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

     Plaintiff, an inmate at the Escambia County Jail (Jail), appears to name four Defendants in this action: Ron McNesby, Sheriff of Escambia County, Captain B. Chromiak, Lieutenant Day, and Lieutenant Clark (Doc. 1 at 1).  He alleges that on August 26, 2008, Defendant Day placed him in 04-G Cell 12C (*id.* at 5).  Plaintiff noticed that the cell was already occupied by two other inmates, so he notified C.O. Weaver that a bunk was not available in the cell, and Weaver responded that 12C was not a bunk, but a spot on the floor (*id.*).  Plaintiff states that requiring him to sleep on the floor poses a threat to his health because he suffers from a chronic, severe heart condition, and the exertion required to lay down on the floor and get up from the floor places a palpable strain on his heart (*id.*).  Plaintiff alleges Defendant Chromiak is the commander of the Jail and should have corrected the overcrowding (*id.*).  Plaintiff claims that the overcrowded conditions constitute cruel and unusual punishment under the Eighth Amendment (*id.*).

     Plaintiff additionally contends that inmates are segregated by race (Doc. 1 at 6).  He states that Cell Orange 4 Green Side has a cell occupied by only black inmates (*id.*).  Plaintiff states that certain black inmates are classified as "problem inmates of color" and segregated from white inmates because correctional officers feel the need to protect the white inmates (*id.*).  Plaintiff claims that the segregated housing practice violates the First Amendment, and Sheriff McNesby "should

know this" (*id.*).  As relief, Plaintiff seeks $100,000.00 in damages for pain and suffering (*id.* at 7).

Initially, Plaintiff must clarify the Defendants in this matter.  In the style of the case he names Lieutenant Clark; however, he does not list this Defendant in the "Defendants" section of the complaint form, nor does he mention this Defendant in the factual allegations of the complaint (*see* Doc. 1 at 1, 2 5–6).  Therefore, Plaintiff must clarify who he seeks to sue in this action.

Additionally, from the face of the complaint, it does not appear that Plaintiff has exhausted his administrative remedies prior to bringing this action.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), provides:  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has stated that this "invigorated" exhaustion requirement is the "centerpiece" of the PLRA.  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006).  The exhaustion requirement helps to ensure that the "flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit."  Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).  It also "attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  Woodford, 548 U.S. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002)) (footnote omitted).  The exhaustion requirement is mandatory, and there is no discretion to waive it.  Woodford, 548 U.S. at 85; Alexander v. Hawk, 159 F.3d 1321, 1324–26 (11th Cir. 1998).  Additionally, the PLRA exhaustion requirement requires proper exhaustion, which means that a prisoner must comply with the procedural rules of the institution's grievance system.  Woodford, 548 U.S. at 93–95.

In the instant case, Plaintiff attached to his complaint an inmate grievance which was answered by a supervisor at the Jail (Doc. 1, attachment).  The grievance advised Plaintiff that he had the right to appeal to the Facility Commander, but in the space provided to indicate whether he wished to appeal, Plaintiff indicated that he did not wish to appeal (*id.*).  Thus, it appears that Plaintiff has not properly exhausted available administrative remedies.  Plaintiff is advised that if he has not pursued available administrative remedies, his complaint will be subject to dismissal.

Additionally, Plaintiff must clarify the facts with regard to his challenge to the conditions of his confinement.  The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392,

2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985).  Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions.  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he
> complains of is sufficiently serious to violate the Eighth Amendment.  Hudson v.
> McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).  The
> challenged condition must be "extreme."  *Id.* at 9, 112 S. Ct. at 1000.  While an
> inmate "need not await a tragic event" before seeking relief, Helling v. McKinney,
> 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very
> least show that a condition of his confinement "pose[s] an unreasonable risk of
> serious damage to his future health" or safety, *id.* at 35, 113 S. Ct. at 2481.
> Moreover, the Eighth Amendment requires more than a scientific and statistical
> inquiry into the seriousness of the potential harm and the likelihood that such injury
> to health will actually be caused by exposure to [the challenged condition of
> confinement].  It also requires a court to assess whether society considers the risk
> that the prisoner complains of to be so grave that it violates contemporary standards
> of decency to expose anyone unwillingly to such a risk.  In other words, the prisoner
> must show that the risk of which he complains is not one that today's society chooses
> to tolerate. *Id.* at 36, 113 S. Ct. at 2482.  The Eighth Amendment thus guarantees that
> prisoners will not be "deprive[d]  . . . of the minimal civilized measure of life's
> necessities." Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Chandler, 379 F.3d at 1289–90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a
> sufficiently culpable state of mind" with regard to the condition at issue.  Hudson,
> 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted).  The proper standard
> is that of deliberate indifference.  Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct.
> 2321, 2327, 115 L. Ed. 2d 271 (1991).  Negligence does not suffice to satisfy this
> standard, *id.* at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison
> official acted with "the very purpose of causing harm or with knowledge that harm
> [would] result," Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128
> L. Ed. 2d 811 (1994).  In defining the deliberate indifference standard, the Farmer
> Court stated: [A] prison official cannot be found liable under the Eighth Amendment
> for denying an inmate humane conditions of confinement unless the official knows
> of and disregards an excessive risk to inmate health or safety; the official must both
> be aware of facts from which the inference could be drawn that a substantial risk of
> serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S. Ct. at
> 1979.  Furthermore, the official may escape liability for known risks "if [he]
> responded reasonably to the risk, even if the harm ultimately was not averted."  *Id.*
> at 844, 114 S. Ct. at 1982–83.

Chandler, 379 F.3d at 1289–90.

In the instant case, Plaintiff does not allege how long he was required to sleep on the floor,

which may be determinative of whether his allegations satisfy the objection portion of the Eighth Amendment standard.  Furthermore, Plaintiff does not allege that any of the Defendants were aware of his heart condition, thus, his allegations are insufficient to satisfy the subjective component of the constitutional standard.  Therefore, Plaintiff must clarify his allegations concerning his Eighth Amendment claim.

Finally, it does not appear that Plaintiff is entitled to the relief he seeks.  The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999) ("Harris I"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("Harris II") ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant.").  Under Eleventh Circuit case law, § 1997e(e) bars a plaintiff's claims for compensatory and punitive damages.  Harris II, 216 F.3d at 985  (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e), but vacating and remanding with directions to enter dismissal without prejudice); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that under our case law § 1997e(e) precludes an inmate's claims for compensatory and punitive damages).  The Eleventh Circuit has interpreted § 1997e(e) to require the dismissal of prisoners' complaints for emotional injury "without prejudice to their being re-filed at a time when the plaintiffs are not confined."  *See* Harris II, 216 F.3d at 980.

In the instant case, Plaintiff does not allege any physical injury, monetary loss, or other actual injury related to his claims.  Even assuming that he suffered some mental or emotional injury from sleeping on the floor and the segregated housing practice, § 1997e(e) bars him from recovering compensatory damages for such an injury because he did not allege any physical injury.  *See* Hicks v. Ferrero, No. 07-15101, 2008 WL 2620192, *2 (11th Cir. July 3, 2008).  Therefore, his complaint may be subject to dismissal for failure to state a claim.  *See* Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) (complaint is subject to dismissal for failure to state a claim "when its allegations,

on their face, show that an affirmative defense bars recovery on the claim.").

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether the facts of his case satisfy the standards for asserting constitutional claims. If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Amended Complaint."

3.      Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 20th day of October 2008.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**